# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

Nº 16-CV-1225 (JFB)

—————————————

## GINETTE MAYER,

Appellant,

VERSUS

## ANTHONY DECARLO,

Appellee.

—————————————

**MEMORANDUM AND ORDER**
March 2, 2017

—————————————

JOSEPH F. BIANCO, District Judge:

Pending before the Court is an appeal by debtor Ginette Mayer ("appellant") from the February 24, 2016 order of the Honorable Robert E. Grossman, United States Bankruptcy Judge (the "Bankruptcy Order"), granting appellant's motion to reopen her Chapter 7 bankruptcy proceeding; finding *pro se* creditor Anthony DeCarlo ("appellee") in contempt for willfully violating a discharge injunction pursuant to the Bankruptcy Code, 11 U.S.C. § 524(a)(2); and declining to award appellant sanctions, actual and punitive damages, and attorneys' fees for appellee's violation of the discharge injunction. Appellant argues that the Bankruptcy Court abused its discretion in declining to award sanctions, damages, and attorneys' fees

against appellee and in failing to hold an evidentiary hearing on that issue.

For the reasons set forth below, the Court vacates the Bankruptcy Order and remands this action to the Bankruptcy Court for further findings and proceedings consistent with this Memorandum and Order.

## I. BACKGROUND

The Court summarizes the facts and procedural history relevant to the instant appeal.

### A. The Bankruptcy Court Proceedings

Appellant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on

May 11, 2012 and listed a $2,800 debt owed by appellant to appellee's company Zemo Landscaping in a schedule attached to her petition. (R.[1] at 8-9, 68.) On August 21, 2012, the Bankruptcy Court granted appellant a full Chapter 7 discharge of her pre-petition debt pursuant to an order of discharge (the "Discharge Order"). (*Id*. at 9, 73-74.) Zemo Landscaping was served with notice of the Discharge Order, which explained that the Discharge Order "mean[t] that [a creditor] may never try to collect the debt from the debtor." (*Id*. at 10, 76, 80.)

Nevertheless, on or about September 11, 2015, appellee commenced a small claims court proceeding in the Nassau County District Court, Second District to collect $2,895 from appellant (the "Small Claims Case"). (*Id*. at 12, 82.) On October 16, 2015, appellant sent appellee a letter stating that appellee had violated the Discharge Order by seeking to collect a pre-petition debt in the Small Claims Case, and warning appellee that failure to terminate the Small Claims Case would cause appellant to seek sanctions and attorneys' fees in the Bankruptcy Court. (*Id*. at 13, 84.)

Thereafter, on November 5, 2015, appellant filed a motion in the Bankruptcy Court to reopen the Chapter 7 proceeding and to obtain an order holding appellee in contempt for violating the Discharge Order; granting appellant sanctions, actual and punitive damages, and attorneys' fees; and directing the Nassau County District Court to dismiss the Small Claims Case (the "Contempt Motion"). (*Id*. at 85.) In the affidavits submitted in support of the Contempt Motion, appellant alleged that

appellee filed the Small Claims Case in retaliation for appellant's decision to terminate an intimate relationship between the two of them that began in 2010 and ended in 2014. (*E.g.*, *id*. at 8, 11-12.) On December 14, 2015, the Bankruptcy Court held a hearing on the Contempt Motion that lasted approximately five minutes. (First Hr'g Tr., ECF No. 2-3.) After briefly hearing argument from appellant's counsel and appellee, who appeared *pro se*, the Bankruptcy Court and the parties engaged in the following colloquy:

> THE COURT: Look. Look. Listen to me. I got other things to do. This isn't Judge Judy.
>
> [APPELLEE]: I'm not –
>
> THE COURT: Just, just don't talk. This debt was discharged.
>
> [APPELLEE]: Yes.
>
> THE COURT: And you went ahead – You guys had this personal relationship, which I could care less about, it's over apparently. Move on.
>
> [APPELLEE]: Yes, Sir.
>
> THE COURT: Now unless you could cut a deal, give you – Yeah. You're going to pay something now. You're going to pay him a couple hundred bucks or whatever it is. That's all you're going to get. Take it and be satisfied. If you think I'm re-opening this at a sanctions hearing against this guy and have to hear about this landscaping over $2,800,

---

[1] "R." refers to the Bankruptcy Record on Appeal. (ECF No. 2-2.)

one of us is nuts. Now they may think it's me. But since I'm here this is the way it's going. Do you agree?

[APPELLEE]: I agree.

THE COURT: Good. Do you agree?

[APPELLANT]: Reluctantly but yes, Your Honor.

THE COURT: Okay. So you're in the $200 range. Is it enough for you? No. Does it make him hurt a little? Yes. And then leave her alone.

[APPELLEE]: Absolutely.

. . .

THE COURT: You're going to dismiss the case in State Court?

[APPELLEE]: Yeah. Absolutely.

(*Id*. at 7:20-8:25, 9:16-18.) On the basis of appellee's agreement to pay appellant $200 and to terminate the Small Claims Case, the Bankruptcy Court said that it would deny the Contempt Motion and set a "holding date" of February 8, 2016. (*Id*. at 10:3-17.)

On that date, the Bankruptcy Court held a second hearing on the Contempt Motion. (Second Hr'g Tr., ECF No. 2-4.) Appellant's counsel informed the Bankruptcy Court that his client could not accept the Bankruptcy Court's suggested settlement of $200 due to appellee's "blatant violation of the . . . Order of Discharge," (*id*. at 5:12-15), and appellee admitted that he had not yet dismissed the Small Claims Case

(*see generally id*. at 6). Appellee also stated that he had sent appellant a check for $200, which appellant refused to accept, leading the Bankruptcy Court to state: "Sir, this is like sitting on a TV show. What are you guys crazy?" (*Id*. at 8:5-6.) The following dialogue ensued:

THE COURT: Okay. This case will be dismissed in State Court immediately.

[APPELLEE]: Yes, sir.

THE COURT: Okay. And since you don't want the $200, the Court will rule that there are no damages to you. So now, you'll dismiss the case and you get zip. Have a nice day.

[APPELLANT]: Thank you, Your Honor.

[APPELLEE]: Excuse me, Your Honor, how, how do I go about [sic]?

THE COURT: That's your problem. But if you're back here with this case not dismissed in the next couple of weeks, then I'm going to award them more money than you can pay.

[APPELLEE]: I'll go right now.

THE COURT: I don't care how you do it. I don't know how to do it. Go to Small Claims Court get rid of this case, give them an acknowledgement that the case is gone.

[APPELLEE]: I'll go on my way home.

[APPELLANT]: Now, there was a violation of the Stay. We, we estimated the damage I estimated the damages.

[APPELLEE]: Mmh-hmm.

THE COURT: You all didn't agree with that. Now I'm going to make a ruling. I can't see, since there were no more hearings after this Court directed you to appear.

Therefore, you don't want to take the deal that the Court felt was fair the last time. I still feel it's fair but since you don't want it, therefore, the ruling of the Court is you don't have to take it.

[APPELLANT]: But –

THE COURT: And therefore, I'm not finding any, any monetary sanctions at this point. If this case isn't dismissed, the Court will revisit that and then apply appropriate sanctions.

(*Id.* at 9:2-10:8.)

Following that hearing, the Bankruptcy Court issued the Bankruptcy Order on February 24, 2016, which stated that the Bankruptcy Court had determined that appellee had "engaged in contempt of court by willfully violating the order of discharge in that he commenced an action in Nassau County District Court in violation of the order of discharge and failed to withdraw the action despite being admonished to do so by both [appellant's] counsel and this

Court." (R. at 99-100.) As a result, the Bankruptcy Court (1) re-opened appellant's Chapter 7 bankruptcy proceeding and waived the accompanying filing fee; (2) ordered appellee to immediately withdraw the Small Claims Case and warned that "his failure to do so [would] result in an award of sanctions against him upon separate motion"; and (3) denied appellant's request for sanctions, an award of actual and punitive damages, and attorneys' fees. (*Id.* at 100.)

**B. The Appeal**

Appellant filed a Notice of Appeal of the Bankruptcy Order on March 11, 2016. (ECF No. 1.) The Notice of Bankruptcy Record Received was filed on April 29, 2016 (ECF No. 2), and appellant filed her brief on August 16, 2016 (ECF No. 7). Appellee, proceeding *pro se*, filed a one-page letter opposition on October 21, 2016.[2] (ECF No. 9.) Appellant did not file a reply brief but did submit a letter on December 2, 2016 providing a copy of a case that appellant had erroneously cited in her opening brief. (ECF No. 10.) The Court has fully considered all of the parties' submissions.

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and]

---

[2] Although this filing was un-timely pursuant to Federal Rule of Bankruptcy Procedure 8018, the Court, in its discretion, will consider it in resolving the instant appeal.

with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). Part VIII of the Federal Rules of Bankruptcy Procedure outlines the procedure governing such appeals. Fed. R. Bankr. P. 8001.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). The Bankruptcy Court's decision not to award appellant sanctions, damages, and attorneys' fees is reviewed for abuse of discretion. *See In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) ("A bankruptcy court's award of sanctions will not be set aside by this Court in the absence of an abuse of discretion."); *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . its conclusions of law de novo, . . . its decision to award costs, attorney's fees, and damages for abuse of discretion."). "The bankruptcy court 'necessarily abuse[s] its discretion if based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Kalikow*, 602 F.3d at 91 (quoting *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002)).

## III. DISCUSSION

Appellant argues that vacatur of the Bankruptcy Order and remand to the Bankruptcy Court is warranted because the Bankruptcy Court (1) "failed to explain why [it] exercised [its] discretion to deny the sanctions request," and (2) "refused to have an evidentiary hearing in this matter." (Appellant's Br., ECF No. 7, at 21-23.) In

his letter opposition, appellee asks this Court to affirm the Bankruptcy Order because it was "right and just," appellant refused to accept the "fine" of $200 suggested by the Bankruptcy Court, and appellee has "made every attempt to adhere to the law . . . all the while being harassed by [appellant's counsel] wanting more money." (Appellee's Opp'n, ECF No. 9, at 1.)

For the reasons that follow, the Court concludes that it cannot review the Bankruptcy Order for abuse of discretion because the Bankruptcy Court did not explain why it denied appellant's request for sanctions, damages, and fees. Accordingly, the Court vacates the Bankruptcy Order and remands this action to the Bankruptcy Court for further findings and proceedings consistent with this Memorandum and Order. The Court takes no view on whether the Bankruptcy Court is required to hold a full evidentiary hearing on the Contempt Motion.

## A. Applicable Law

The Bankruptcy Code discharges preexisting debts to give "honest but unfortunate" debtors a fresh start. *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998). Accordingly, a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

Section 105(a) of the Bankruptcy Code permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the

Bankruptcy Code. 11 U.S.C. § 105(a). The Second Circuit has held that this provision enables a bankruptcy court to "exercise equity in carrying out the provisions of the Bankruptcy Code," *In re Smart World Techs., LLC*, 423 F.3d 166, 184 (2d Cir. 2005) (emphasis omitted), and district courts in this Circuit have accordingly found that Section 105(a) "provid[es] statutory authority to enforce the discharge injunction by holding a party who violates the injunction in contempt, and assessing appropriate punishment," *In re Haemmerle*, 529 B.R. 17, 25 (Bankr. E.D.N.Y. 2015) (footnote omitted) (collecting cases).[3]

As the court in *Haemmerle* correctly held, "a "discharge injunction violation may be punished as a civil contempt of court, and requires a two part inquiry: '(1) did the party know of the lawful order of the court, and (2) did the defendant comply with it.'" *Id.* at 26 (quoting *In re Nicholas*, 457 B.R. 202, 225 (Bankr. E.D.N.Y. 2011)). Further, because "a sanctions award serves many objectives, including compensation and deterrence," it may include "'attorneys' fees reasonably incurred because of [the sanctionable] conduct.'" *In re Khan*, 488 B.R. 515, 535-36 (Bankr. E.D.N.Y. 2013) (quoting 28 U.S.C. § 1927).

## B. Analysis

Here, the Court is unable to review the Bankruptcy Order for abuse of discretion because the Bankruptcy Court did not explain its rationale for its decision declining to award appellant sanctions, damages, and fees pursuant to the legal authority and standards set forth above. Instead, after concluding that appellee had "engaged in contempt of court by willfully violating the order of discharge in that he commenced an action in Nassau County District Court," it denied, without any reasoning, the monetary relief that appellant sought. (R. at 99-100.) In other words, the Bankruptcy Court apparently determined that appellee (1) knew of the Discharge Order, and (2) failed to comply with it by commencing the Small Claims Case; yet, for unknown reasons, it decided not to award appellant monetary relief. Under such circumstances, this Court cannot determine whether that decision was an abuse of discretion. *See Capone v. Weeks*, 326 F. App'x 46, 47 (2d Cir. 2009) ("Although the district court denied [appellant's] motion for attorney's fees . . . , it did not explain why it exercised its discretion in that way. Absent any such explanation, we cannot evaluate whether the court abused its discretion when it denied attorney's fees . . . .").

The district court in *Desiderio v. Parikh*, No. 12-CV-2148 (JS), 2013 WL 1305499 (E.D.N.Y. Mar. 28, 2013), confronted a similar situation where the Bankruptcy Court denied a sanctions motion but "failed to explain why [it] exercised [its] discretion to deny the request . . . ." *Id.* at *5. Moreover, at the motion hearing, the Bankruptcy Court expressed frustration with the parties' positions, stating:

> But you want to talk about vexatious litigation; you want to talk about pleadings that make absolutely no sense. Read your own papers, all

---

[3] In addition, "[f]ederal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients." *MA Salazar, Inc. v. Inc. Vill. of Atl. Beach*, 499 B.R. 268, 274 (E.D.N.Y. 2013) (quoting *In re Plumeri*, 434 B.R. 315, 327 (S.D.N.Y. 2010)).

right? . . . I don't know—get something else to do. Get another case. Find something else to do in your life. You're too young to be wasting your entire existence on this ridiculous case. Go find the . . . defendant. Sue him in state court. Collect any monies you can. I told you you could do that. Are you ever going to collect? I have no idea. You're suing a guy who you knew the odds of collecting on were probably small. You made a decision not to settle, your decision, completely your decision. Live with it, all right? Live with it. But to continue . . . But don't bring this stuff in my courtroom again, don't do it, because the next time you do, then I will figure out sanctions.

*Id.* at *3 (omissions in original).

Here, the Bankruptcy Court demonstrated similar exasperation, stating at the first hearing that that it was not "Judge Judy," and that "[i]f you think I'm re-opening this at a sanctions hearing against this guy and have to hear about this landscaping over $2,800, one of us is nuts." (First Hr'g Tr. at 7:22, 8:11-13). Further, without explanation, it suggested that $200 was an appropriate settlement (*id.* at 8:21-22), but at the second hearing, it "rule[d] that there are no damages to" appellant (Second Hr'g Tr. at 9:5-7), adding that "this is like sitting on a TV show. What are you guys crazy?" (*id* at 8:5-6).

The record, thus, does not adequately reflect why the Bankruptcy Court declined to award appellant monetary relief on the Contempt Motion, and like the *Desiderio*

court, this Court agrees with appellant that vacatur of the Bankruptcy Order and remand for further factual findings is appropriate.[4] *See* 2013 WL 1305499 at *6; *see also Capone*, 326 F. App'x at 47 ("Because we are unable to assess, on the record before us, whether the district court abused its discretion in denying [appellant's] motion for attorney's fees, we REMAND the case to the district court . . . ."). The Court takes no view on whether the Bankruptcy Court must hold a full evidentiary hearing on the Contempt Motion.

## IV. CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is vacated, and this action is remanded for further findings and proceedings consistent with this Memorandum and Order. The Clerk of Court shall close this case.

---

[4] Although appellant's counsel "reluctantly" agreed to $200 in connection with the Contempt Motion at the first hearing (*see* First Hr'g Tr. at 8:20), the Court does not view that agreement as a waiver of appellant's objection to the ultimate resolution of the Contempt Motion for three reasons. First, the Bankruptcy Court made clear that, if appellant did not agree to that amount, it was not going to consider any additional sanctions. (*See id.* at 8:10-15 ("That's all you're going to get. Take it and be satisfied. . . . But since I'm here this is the way it's going.").) Second, even if that could be viewed as an agreement, appellee violated his end of the bargain by failing to dismiss the Small Claims Case by the next hearing date. Thus, under those circumstances, appellant is not bound by that "agreement" and can seek relief beyond the $200 that appellee offered to pay. Third, it was clear from the first hearing that appellant's counsel would need his client's approval for any agreement, and he reported back to the Bankruptcy Court at the second hearing that his client would not agree to accept $200. (*See* Second Hr'g Tr. at 5:12-15.)

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated:  March 2, 2017
           Central Islip, New York

* * *

Appellant Ginette Mayer is represented by
Craig D. Robins of the Law Office of Craig
D. Robins, 35 Pinelawn Road, Suite 218-E
Melville, New York 11747.    Appellee
Anthony DeCarlo is proceeding *pro se*.